IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>vs.<br><br>JUAN C. GONZALEZ d/b/a UNITED DRYWALL; JUAN C. GONZALEZ, INDIVIDUALLY; and UNITED DRYWALL, INC.;<br><br>     Defendants. | 4:15-CV-3029<br><br><br>ORDER |

This matter is before the Court on its own motion in response to defendant Juan C. Gonzalez's suggestion of bankruptcy (filing 18). This Court's local rules provide:

> Upon the filing of a suggestion in bankruptcy, or other notification that a party to a civil case is a debtor in a bankruptcy case, the court issues an order staying further proceedings in the case as to the party in bankruptcy. The case may proceed as to any parties not in bankruptcy. If any party files a motion requesting referral of the case to the bankruptcy court, the case is referred to the bankruptcy court for further action.

NEGenR 1.5(a)(1).

But in this case, the Court is not clear about who is, and is not, a "party in bankruptcy." The operative complaint in this case asserts claims against three defendants: Juan C. Gonzalez as an individual, Juan C. Gonzalez d/b/a United Drywall, and United Drywall, Inc. Filing 1. And the defendant's bankruptcy petition (No. 15-41046-TLS filing 1) shows Juan Carlos Gonzalez to be the debtor, but under "Other Names," sets forth "DBA United Drywall, Inc." and "DBA United Drywall."

It is clear that under Nebraska law, doing business under another name or several names does not create an entity separate and distinct from the person operating the business. *Hall v. Auto-Owners Ins. Co.*, 658 N.W.2d 711, 716 (Neb. 2003). A corporation is obviously a different matter, but it

appears from the complaint that United Drywall, Inc. was only incorporated after the policy of insurance at issue in this case was purchased and renewed. Filing 1 at 2. The plaintiff alleges that United Drywall, Inc. is subject to successor liability. But whatever the merit of that theory, the immediate difficulty for the Court is that it is not clear what the appropriate scope of the automatic bankruptcy stay should be, given the elision of the parties and the derivative nature of United Drywall, Inc.'s potential liability.

The Court concludes that under these circumstances, the bankruptcy court is better suited to consider the scope of the bankruptcy stay, and in which court (if any) this action should proceed as to United Drywall, Inc. If relief from the bankruptcy stay is available, as to any party, then that determination should be made by the bankruptcy court in the first instance. And, of course, the bankruptcy court may recommend withdrawal of the reference, in whole or in part, should it find that proceeding in this Court would be more appropriate.

IT IS ORDERED:

1.  This case is referred to the United States Bankruptcy Court for the District of Nebraska.

2.  The Clerk of the United States District Court for the District of Nebraska shall close this case for statistical purposes.

3.  The Clerk of the United States District Court for the District of Nebraska shall deliver, or send electronically, the Court file to the Clerk of the Bankruptcy Court for the District of Nebraska.

Dated this 21st day of July, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -